**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LEWIS AARON COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   **Case No. 04-CV-412-TCK-FHM** |
| | ) |
| ANTONIA R. HILL, TULSA P.D., | ) |
| DAVID L. MOSS, C.C.A., TULSA, OK, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court is the second Motion for Summary Judgment of Defendant Antonia Hill
(Docket No. 55).  This motion comes on after an Order and Judgment of the Court Appeals for the
Tenth Circuit reversing this Court's first grant of summary judgment to Defendant Hill.

I.      Background and Procedural History

Plaintiff was arrested in a motel room in August 2000 by Defendant Antonia Hill ("Officer
Hill").  Officer Hill allegedly found a crack pipe in the bathroom of the motel room, and Plaintiff
was charged in Oklahoma state court with possession of drug paraphernalia.  After a jury trial,
Plaintiff was convicted of possession of the crack pipe and sentenced to one year in prison.  In 2004,
Plaintiff filed this lawsuit, alleging various violations of his constitutional rights regarding the
search, arrest, and conviction arising from this incident in August 2000.[1]

On March 7, 2005, Magistrate Judge Frank H. McCarthy issued a Report and
Recommendation recommending, in relevant part, that Defendant Antonia Hill's first Motion for
Summary Judgment be granted as to Plaintiff's claim that Officer Hill violated his constitutional

_____

[1]  The Tenth Circuit has set forth additional facts in its Order and Judgment which will
not be restated here.

rights by lying in order to establish probable cause for his arrest and conviction. Judge McCarthy's discussion of this issue was limited to Plaintiff's allegation that Officer Hill lied regarding the age of a female in the hotel room where the crack pipe was found. Judge McCarthy did not discuss Plaintiff's allegation in his Complaint that Officer Hill lied regarding where she found the crack pipe. Plaintiff filed an objection to the Report and Recommendation, attaching an Affidavit of the female present in the room with Plaintiff, which stated that the crack pipe was not in the room. On April 26, 2005, the Court overruled Plaintiff's objection, affirmed the Report and Recommendation, and entered judgment in favor of Officer Hill. In affirming the Report and Recommendation, the Court also did not discuss the allegation that Officer Hill lied regarding where she found the crack pipe or the Affidavit.[2] Plaintiff appealed.[3]

On March 27, 2006, the Court received an Order and Judgment of the Court of Appeals for the Tenth Circuit (Docket No. 48). The Tenth Circuit determined that "[b]ecause the district court did not discuss all of Mr. Cook's allegations that present a genuine issue of material fact on the issue of probable cause for his prosecution, and Officer Hill did not provide the complete record of the criminal proceedings to the district court, . . . the district court erred in granting summary judgment

---

[2] The Tenth Circuit noted in its Order and Judgment that Officer Hill failed to challenge Plaintiff's allegations regarding where Officer Hill found the crack pipe, either in its summary judgment briefing or the briefing on Plaintiff's objection to the Report and Recommendation, and that it was therefore "not surprising that neither the magistrate judge nor the district judge discussed them in their respective orders."

[3] Plaintiff has appeared *pro se* throughout all proceedings in this Court and appeared *pro se* on his appeal to the Tenth Circuit. Upon remand, Plaintiff moved for counsel to assist him "stand by." (Docket No. 54.) Plaintiff did not present any evidence regarding his financial status or any other good cause for the Court to appoint counsel on his behalf. The Court concluded that Plaintiff had adequately represented himself in the proceedings thus far. This motion was denied. (Docket No. 58.)

to Officer Hill." The Tenth Circuit reasoned that, if Officer Hill lied about where she obtained the crack pipe, as Plaintiff claimed, Officer Hill would not be entitled to qualified immunity and further reasoned that failure to submit an entire judgment roll from the previous litigation is fatal to an issue-preclusion defense. The Court's judgment was affirmed in all other respects.

Because the Tenth Circuit's ruling was based on the parties' failure to present and the Court's failure to consider certain arguments and evidence at the summary judgment stage, the Court concluded that the best way to proceed was to set a new summary judgment briefing schedule limited to the precise issue presented on remand. On April 28, 2006, Officer Hill filed a second motion for summary judgment, which is now before the Court.

II.      Summary Judgment Standard

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). The Court must view the evidence and draw any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence which would require submission of the case to a jury. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52 (1986). Where the non-moving party will bear the burden of proof at trial on a dispositive issue, that party must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment. *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir.1998).

III.     Analysis

Plaintiff's arrest and prosecution for possession of drug paraphernalia rested on Officer Hill's testimony that she found the crack pipe in a motel room rented under Plaintiff's name. Plaintiff

alleged in his Complaint in this lawsuit that Officer Hill lied about where she found the crack pipe.[4]

The issue presented on remand is whether, considering this specific allegation and the record

evidence in support thereof, there are material issues of fact that preclude summary judgment to

Officer Hill on Plaintiff's claim arising under § 1983.   In her motion for summary judgment

presented on remand, Officer Hill sets forth a statement of undisputed facts regarding the criminal

prosecution in state court, attaches all relevant records of the judicial proceedings in state court,[5] and

argues that the doctrine of issue preclusion, or collateral estoppel, bars relitigation of the issue of

whether probable cause existed for Plaintiff's prosecution.   Officer Hill argues that the issue of

whether she gave false information about where she found the crack pipe has been litigated and

decided three times in the criminal proceedings below and that she is therefore entitled to judgment

based on the doctrine of issue preclusion.   She argues the issue was previously decided during the

motion to suppress, after conviction by jury, and on direct appeal to the Oklahoma Court of Criminal

Appeals.

"[J]udgments rendered upon matters in issue in state criminal proceedings may collaterally

preclude their relitigation in a subsequent civil suit brought under 42 U.S.C. § 1983." *Franklin v.*

---

[4]  In its Order, the Tenth Circuit directed that this allegation, that an officer knowingly gave false information in order to obtain an arrest and conviction, independently stated a violation of the Fourth Amendment and the Due Process Clause.  (*See* Order and Judgment at 8 (citing *Pierce v. Gilchrist*, 359 F.3d 1279, 1296 (2004).)  The Tenth Circuit further directed that an officer who has engaged in such behavior is not entitled to qualified immunity, and that if Officer Hill lied about where she obtained the crack pipe, Officer Hill would not be entitled to qualified immunity.  (*Id.* at 9.)

[5]  In her initial filing, Officer Hill omitted portions of certain transcripts in the lower courts.  The Court ordered supplementation of the full transcripts and they were submitted by Officer Hill on June 23, 2006.  Officer Hill's motion also contains inaccurate page numbers referencing certain trial testimony.  The Court has, however, reviewed the entire record of the state criminal proceedings.

*Thompson*, 981 F.2d 1168, 1170 (10th Cir. 1992).  A federal court must apply the state collateral estoppel rules when determining whether a prior state court judgment bars litigation of an issue in a § 1983 claim.  *Id.*  Under Oklahoma law, "collateral estoppel is applicable to all issues raised in subsequent civil litigation which were determined by a prior judgment of criminal conviction." *Id.* In order to have a preclusive effect, the issue must meet four requirements:  (1) the issue sought to be precluded must be the same as that involved in the prior judicial proceeding; (2) the issue was litigated in the prior action; (3) the issue was actually determined in the prior proceeding; and (4) the determination of that issue was necessary to support the judgment in the prior proceeding.  *See id.* (*citing Adamson v. Dayton Hudson Corp.*, 774 P.2d 478, 480 (Okla. Ct. App.1989)).

First, Plaintiff filed a Motion to Quash and Suppress Evidence, asserting that he denied consent to search the motel room.  After hearing testimony from Plaintiff and Officer Hill, the Judge denied the motion to suppress.  During this hearing, Plaintiff testified that he had thrown the crack pipe out of the motel room, *see* Def.'s Ex. 3 at 11, and Officer Hill testified that she found the crack pipe in the motel room behind the hot water faucet, *see id.* at 21.  However, this testimony and the question of whether Officer Hill was truthful about where she found the crack pipe was not critical or even relevant to the Court's determination of whether Plaintiff gave consent to search the motel room.  This ruling therefore does not have any preclusive effect on the issue of probable cause for arrest and prosecution.

Second, Plaintiff was convicted by a jury on February 8, 2001.  In contrast to the motion to suppress, the issue of whether Officer Hill was lying about where she found the crack pipe was essential to the jury's finding of guilt on the possession of drug paraphernalia charge.  During the trial, Officer Hill again testified that she saw the crack pipe on the sink behind the hot water faucet:

"While speaking to Ms. Overstreet, I glanced over towards the small bathroom that was adjacent to the room, and I could see in plain view there was a crack pipe on the sink behind the hot water spigot." (Def.'s Ex. 4 at 86.)  The crack pipe found was introduced as evidence.  (*Id.* at 90.) Officer Hill was cross examined on the location of where the crack pipe was found.  (*Id.* at 96.) Plaintiff testified that Officer Hill did not find the crack pipe in the room, *id.* at 111, that the crack pipe belonged to a Ms. Love who had previously been in the room, *id.* at 114, and that the crack pipe had been stomped and broken, *id.* at 115.  After considering the testimony of Plaintiff and Officer Hill regarding the location of the crack pipe, the jury found Plaintiff guilty of possession of drug paraphernalia.  The judgment and conviction on this charge meets the four requirements of issue preclusion because the issue of whether Officer Hill told the truth about finding the crack pipe in Plaintiff's motel room was fully litigated, was decided by the jury, and was necessary to the conviction.  Further, the issue presented at trial was the same as that presented in this civil proceeding.  Thus, Plaintiff is precluded from asserting that this issue presents a question of material fact for purposes of his § 1983 claim in this case.

Third, Plaintiff appealed his conviction, raising six propositions of error.  In his fifth proposition of error, Plaintiff argued insufficiency of the evidence.  The Oklahoma Court of Criminal Appeals ("OCCA") ruled:

> In Proposition V, Appellant argues the evidence was insufficient to establish that it was Appellant who possessed the crack pipe.  The Court finds Appellant's cited authorities to be distinguishable from the circumstances presented at trial.  In Appellant's matter, testimony revealed the crack pipe  was plainly visible in a motel room registered to Appellant.  Additionally, Appellant testified that he knew one individual had been smoking crack inside his room.  Appellant also stated that he knew a woman with him inside the motel room was a crack smoker.  When this evidence is viewed in the light most favorable to the State, it is sufficient to support the jury's verdict.

6

(*See* Def.'s Ex. 6 at 6.)[6]  Based on the OCCA's reasoning that Officer Hill's "testimony revealed the crack pipe was plainly visible in a motel room," the OCCA affirmed that this credibility determination regarding where the crack pipe was found was at issue, was fully litigated, and was decided by the jury in favor of Officer Hill.  This reinforces the Court's conclusion that the conviction and judgment by the jury have a preclusive effect as to the issue of whether Officer Hill falsified information forming the basis of Plaintiff's arrest and prosecution.

In sum, the Court concludes that the question relevant to the remaining 42 U.S.C. § 1983 claim in this case - whether Officer Hill falsified information regarding the location of the crack pipe in order  to obtain an arrest and conviction - has been fully litigated in the state criminal proceedings, decided by a jury, and affirmed by an appellate court.  Plaintiff had every opportunity, and in fact did, attempt to convince the jury that Officer Hill was lying regarding the location of the pipe, as alleged in the Complaint here.  He also had the opportunity to present at trial the testimony of the female present in the motel room with him, which is now presented as evidence in the form of an Affidavit before this Court.[7]  In sum, the issue of where Officer Hill found the crack pipe "was an integral part of [Plaintiff's] conviction," and Officer Hill is entitled to judgment as a matter of law.  *See Franklin*, 981 F.2d at 1170.

---

[6]  The OCCA reversed the conviction on other grounds.  Specifically, the OCCA reversed the conviction because Plaintiff was deprived of his constitutional right to proceed *pro se*.  Although Plaintiff's conviction was reversed, the OCCA specifically denied his appeal based on sufficiency of the evidence.

[7]  In his response to the second Motion for Summary Judgment, Plaintiff presented no additional record evidence in support of his claims.

The second Motion for Summary Judgment of Defendant Antonia Hill (Docket No. 55) is GRANTED.  Based on such ruling and because the Court finds the motions are without merit under applicable law, Plaintiff's *pro se* Motion for an Order Granting Plaintiff An Exception to Rule 45 Subpoena (Docket No. 65) and Plaintiff's Request for Discovery (Docket No. 66) are also DENIED.[8]

**ORDERED this 5th day of July, 2006.**

**UNITED STATES DISTRICT JUDGE**
**TERENCE KERN**

---

[8] In this motion, filed on June 26, 2006, Plaintiff requests discovery of certain phone records, traffic tickets, and police policies.  The Court concludes that allowing Plaintiff to conduct discovery of these items would not impact the Court's conclusion regarding the preclusive effect of the state criminal proceedings, which forms the basis of the Court's summary judgment ruling.  Further, in the Court's Order of March 28, 2006, which ordered a joint proposed briefing schedule based on the ruling on remand, the Court offered the parties the opportunity to move for additional discovery on the issue presented.  Plaintiff did not so move at that time and instead waited until the summary judgment motion was ripe.